**MOSES et al. v. CHAPMAN. (No. 3170.)**

(Court of Civil Appeals of Texas. Feb. 4, 1926.)

**1. Evidence ☞372(3)—Recital of heirship in conveyance, uncontradicted for 65 years, held presumptive evidence of such heirship.**

Recital of heirship in conveyance of land certificate and power of attorney, uncontradicted for 65 years, *held* competent presumptive evidence, authorizing court to find as fact the fact of such heirship, in absence of anything to rebut such presumption.

**2. Evidence ☞372(1).**

Pedigree and heirship may be proved by ancient documents.

**3. Covenants ☞27.**

Joint maker of deed is jointly and severally liable on covenant of general warranty, where there were no words of severalty in covenant.

**4. Executors and administrators ☞224—District court may determine claim against one as administrator on covenant of warranty without submitting claim to probate court; it not being claim against estate till so adjudicated.**

Claim against administrator who gave warranty deed to land, to which estate did not have good title, is claim against estate only, when so adjudicated, and, though judgment must be certified by probate court, district court may determine liability without first having claim allowed or refused.

**5. Judgment ☞243.**

Where only one of two joint makers of warranty deed was named in suit to determine liability for breach of general warranty, it was error to render judgment against the other.

**6. Contribution ⬤⇒4—One joint maker of warranty deed held entitled to judgment against other for half of amount recovered from former by purchaser in action on warranty.**

Where joint makers of warranty deed did not have good title to land conveyed, and purchaser recovered from one of them in action on warranty, such joint maker was entitled to judgment against other for one-half amount he was required to pay to purchaser.

Appeal from District Court, Titus County; R. T. Wilkinson, Judge.

Suit by Joseph A. Chapman against Sam T. Moses, who interpleaded H. B. Willson and others. From the judgment rendered, defendant and certain interpleaded parties appeal. Reformed and affirmed.

J. A. Chapman brought the suit against Sam T. Moses in trespass to try the title to a tract of land containing 69 acres of the George Dyer Headright survey in Titus county. Sam T. Moses made answer pleading not guilty; and he interpleaded his immediate grantor, J. M. Cameron, and his remote grantors, H. B. Willson, George Lilienstern, John Hargrove, and W. P. McLean, Jr., as administrator of the estate of Thomas R. McLean, deceased, who was a joint grantor with John Hargrove. J. M. Cameron pleaded over and against his warrantors, George Lilienstern, H. B. Willson, John Hargrove, and W. P. McLean, Jr., administrator. George Lilienstern and H. B. Willson pleaded over and against John Hargrove. John Hargrove answered, pleading that he and Thomas R. McLean were each the owners of a one-half interest in the land at the time they executed their deed of conveyance to George Lilienstern and H. B. Willson, and that his, John Hargrove's, liability would only be one-half of the consideration paid; and, in the event he was legally held jointly and severally liable on the covenant of warranty, that then judgment be rendered in his favor against W. P. McLean, Jr., administrator, for the amount over one-half adjudged him.

The case was tried before the court without a jury, and a judgment was entered as follows: (1) In favor of the plaintiff, Joseph A. Chapman, against Sam T. Moses for the title and possession of the land sued for; (2) in favor of Sam T. Moses against J. M. Cameron, George Lilienstern, H. B. Willson, John Hargrove, and W. P. McLean, Jr., as administrator, on the warranty; (3) in favor of George Lilienstern and H. B. Willson against John Hargrove and W. P. McLean, Jr., administrator. George Lilienstern, H. B. Willson, and John Hargrove have appealed from the judgment against them. W. P. McLean, Jr., as administrator, excepted to the judgment, and gave notice of appeal, although he filed no answer, in the trial court, so far as the transcript discloses.

The plaintiff offered in evidence the following instruments: (1) Patent from the state of Texas "to the heirs of George Dyer, deceased," to 640 acres of land, dated October 20, 1860. The land in suit is a part of this land. (2) The fieldnotes of the county surveyor appearing in the surveyors' records in Titus county. The land for which the patent issued was surveyed May 8, 1859, on application of A. D. Tullis, "under a certificate No. 4/8 issued to George Dyer." These are the fieldnotes set out in the patent. (3) A power of attorney from Samuel Dyer to H. H. Haynie, dated October 7, 1858, duly acknowledged and recorded May 9, 1859, in the clerk's office in Titus county. The instrument recites the appointment of "the said H. H. Haynie, my true and lawful attorney for me and in my name and place and stead, as the father and the sole heir of George Dyer, deceased, late a soldier in the Texas revolution, to sell, convey, and in any manner dispose of a certain land certificate issued to the heirs of George Dyer, deceased, by the commissioner of claims of the state of Texas. No. 4/8, for 640 acres of land, on September 13, 1858, it being the donation land to which the said George Dyer was entitled for having been with Col. Fannin's command at Goliad in the year 1836." This original instrument was filed in the general land office. (4) A conveyance by Samuel Dyer by his attorney in fact, H. H. Haynie, to Chester A. Bulkley, dated December 6, 1858, duly acknowledged and recorded in the clerk's office in Titus county on May 9, 1859. The instrument conveys to Chester A. Bulkley "the right, title, and interest" which Samuel Dyer has "as the father and sole heir of George Dyer, deceased," to "a certain land certificate No. 4/8." This original instrument was filed in the general land office. (5) A conveyance from C. A. Bulkley by his attorney in fact, W. H. Thomas, to Landon N. Morris, dated December 17, 1858, duly acknowledged and recorded in the clerk's office of Titus county on May 9, 1859. The conveyance is of "a certain land certificate No. 4/8 issued to the heirs of George Dyer, deceased." The original instrument was filed in the general land office. (6) A conveyance from L. N. Morris to A. D. Tullis, dated April 11, 1859, duly acknowledged and recorded in the clerk's office of Titus county on May 9, 1859. The conveyance is of "a certain land certificate No. 4/8 issued to the heirs of George Dyer, deceased," etc. The original instrument was filed in the general land office. (7) Deeds from Mrs. M. J. Tullis, G. W. Tullis, and E. D. Tullis to S. P. Pounders, dated November 9, 1901, duly acknowledged and recorded in the clerk's office in Titus county on November 15, 1901. The deeds convey the George Dyer Headright of 640 acres in controversy. It was proven that the grantors were the surviving wife and children of A. D. Tullis. (8) A deed from S. P. Pounders and others to C. H. Beacham, Jr., dated

April 30, 1906, duly acknowledged and recorded October 23, 1906. The deed conveyed all of the George Dyer Headright survey. (9) A deed from C. H. Beacham, Jr., to Nat Baxter, Jr., dated July 7, 1906, duly acknowledged and recorded November 6, 1906. The deed conveys the entire George Dyer Headright survey. (10) A general warranty deed from Nat Baxter, Jr., and wife and others to Joseph Chapman, the appellee here. The deed is dated August 21, 1912, and is duly acknowledged, and was recorded November 16, 1912. The deed conveys by metes and bounds 416.5 acres of the George Dyer Headright survey, and includes the particular land in suit.

The defendants H. B. Willson and George Lilienstern offered a general warranty deed to them from T. R. McLean and John Hargrove conveying the specific land in suit. The deed conveys in terms the land itself. The consideration recited is $1,100. The deed is dated November 17, 1917, and was recorded December 26, 1917. There is no proof showing any title in the grantors.

The defendant J. M. Cameron offered a general warranty deed to him from H. B. Willson and George Lilienstern conveying the land in suit, dated September 3, 1918, and reciting the consideration to be $1,750—$500 cash, five notes for $200 each, and one note for $250. There is no proof showing title in the grantors beyond the deed from T. R. McLean and John Hargrove.

The defendant S. T. Moses offered a general warranty deed to him from J. M. Cameron and wife conveying the land in suit, dated April 30, 1919, and reciting the consideration to be $1,600—$350 cash and the assumption of the payment of the six notes described in the deed to J. M. Cameron. The title of J. M. Cameron is solely under T. R. McLean and John Hargrove.

There is no further evidence than above stated.

J. A. Ward, Seb F. Caldwell, and T. C. Hutchings, all of Mt. Pleasant, for appellants.

I. N. Williams, of Mt. Pleasant, and C. G. Engledow, of Pittsburg, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The first proposition of the appellant, based on proper assignments of error pertains to the proof of title to the land, offered and relied upon by the plaintiff in the case, Joseph A. Chapman. The power of attorney from Samuel Dyer to H. H. Haynie to sell and dispose of the land certificate issued to George Dyer, of date October 7, 1858, recites that he (Samuel Dyer) is "the father and sole heir at law of George Dyer, deceased," and also the conveyance of the land certificate to Chester A. Bulkley by Samuel Dyer by his attorney in fact, H. H. Haynie, of date December 6, 1858, recited the same thing. It is urged that the recital of "father

280 S.W.—58

and sole heir at law of George Dyer, deceased," is not competent evidence of the heirship of the grantor, and that heirship independent of the recitals should have been shown by the appellee. There is no evidence outside of these two instruments mentioned showing who were the heirs of George Dyer, deceased. Neither is there any evidence, or even slight circumstances, showing, or tending to show, that Samuel Dyer was not the father and sole heir of George Dyer. The instruments containing the recitals are more than 65 years old, and both of them have been filed in the clerk's office in Titus county, where the land is situated, and in the state land office, since a few months after their execution. During the 65 years of the existence of the duly registered instruments, and to the time of the trial, no person or persons have ever asserted any claim of any kind, so far as this record shows, to the land, claiming to be heirs of George Dyer in contradiction to the recital that Samuel Dyer was "the father and sole heir at law of George Dyer, deceased." Acts of ownership of the land have been exercised continuously by those claiming under the instruments without being disputed by any one. It is believed that in the particular state of the record the fact of heirship stated in the conveyances mentioned was competent presumptive evidence of the fact, and that the court was authorized to presume and find as a fact the fact of heirship. Such recitations, in view of the age of the instruments, would constitute prima facie evidence of such heirship, in the absence, as here, of anything to rebut the presumption. Fulkerson v. Holmes, 6 S. Ct. 780, 117 U. S. 389, 29 L. Ed. 915; Ardoin v. Cobb (Tex. Civ. App.) 136 S. W. 271; Maxson v. Jennings, 48 S. W. 781, 19 Tex. Civ. App. 700; Fielder v. Pemberton, 189 S. W. 873, 136 Tenn. 440, Ann. Cas. 1918E, 905. The purpose for which such documents, classed as ancient instruments, have been received in evidence, in the proper case, is to prove matters, among other things, of pedigree and heirship. 22 C. J., at p. 947. In Maxson v. Jennings, supra, the court clearly stated that—

"The deed from Henry Levenhagen recites him to be one of the heirs, and to possess power from the others to convey their title. There is no evidence outside these papers showing who were the heirs of the decedent, and ordinarily a recitation of the fact in such a deed would not be evidence of heirship against any one except parties thereto; but the lapse of time, coupled with acts of ownership on one side, and the nonassertion of any opposing claim on the other, authorizes the court to presume and find, as a fact, not only the fact of heirship recited, but competent power in the grantor from the other heirs."

Of course, the rule is well understood that, although the deed is an ancient instrument, the presumption of ownership would not obtain, in case there is evidence tending to

contradict the presumption arising from the recital in the deed. ·

[3] The point made on the appeal of the warrantors is that the court erred in rendering judgment in favor of George Lilienstern and H. B. Willson against John Hargrove on his covenant of warranty for only the sum of $550, being one-half of the full obligation. The amount stated in the judgment was on the assumption that John Hargrove, being a joint maker of the deed with T. R. McLean, was liable for only one-half of the obligation. This was error, as John Hargrove was jointly and severally liable on his covenant of general warranty, and it should have been so determined. His obligation as a joint vendor extended to the entire title, and there are no words of severalty in the covenant of warranty. The deed conveyed in terms the land itself. A covenant of general warranty is not legally different from a simple joint promise, where each is liable to the promisee for the whole debt. Baum v. McAfee, 125 S. W. 985, 59 Tex. Civ. App. 55.

[4, 5] It is contended in the appeal of the administrator, W. P. McLean, Jr., that any judgment against him as administrator was invalid and erroneous. A claim of this character on a warranty is a claim against the estate when so adjudicated, and not a claim until so adjudicated. The district court has the right to determine the liability in the first instance, without first having it presented to the administrator and allowed or refused by the probate court. It is not such character of claim that can be presented to the administrator and the probate court until a liability on the warranty is first established. Of course, the judgment would have to be certified to the probate court. The administrator was made a party to the suit upon the express allegation that he "is made a party to this suit as the administrator of the estate of Thomas McLean, deceased." The administrator did not deny the fact alleged, or offer to show to the contrary, and he appealed as administrator, in effect affirming that he was such and acting as such. The judgment, however, against him in favor of George Lilienstern and H. B. Willson for $550 must be held error, in view of their pleadings, and therefore should be reformed in that respect.

[6] The appellant John Hargrove is entitled to a judgment on his pleadings against the estate of T. R. McLean, deceased, for one-half the amount he is required to pay unto George Lilienstern and H. B. Willson, and it was error not to allow him such recovery.

The judgment will be in all things affirmed as to appellee, Joseph A. Chapman; and the judgment will be reformed as to John Hargrove so as to allow a recovery against him on his warranty in favor of George Lilienstern and H. B. Willson for $1,100, instead of $550, and in his favor on his cross-action against the estate of T. R. McLean for one-half the amount he is required to pay George Lilienstern and H. B. Willson not to exceed $550, and the judgment will be reformed as to W. P. McLean, Jr., administrator, so as to disallow a recovery against the estate by George Lilienstern and H. B. Willson, and the judgment as to such administrator after the above modification to be in all things affirmed. Costs of appeal to be taxed against H. B. Willson, John Hargrove, and George Lilienstern.

Reformed and affirmed.