**Roger Kelly DONALDSON & American Foundation Company of Beaumont, Inc., Appellant,**

v.

**Lorena Reese TAYLOR, Appellee.**

**No. 09–85–210–CV.**

Court of Appeals of Texas, Beaumont.

June 19, 1986.

·G. Patrick Black, Sparks & Hawthorne, Beaumont, for appellant.

Bob Monk, Provost, Umphrey, McPherson & Swearingen, Port Arthur, for appellee.

OPINION

BURGESS, Justice.

Lorena Reese Taylor entered into a contract with Roger A. Donaldson, d/b/a

American Foundation Company for certain slab or foundation stabilization work to be performed on a duplex in Port Arthur, Texas. Mr. Roger A. Donaldson performed the work in 1978. In 1979, Mr. Roger A. Donaldson died and the business was inherited by his son Roger K. Donaldson. Roger K. Donaldson operated the business as a sole proprietorship until July, 1982, when he incorporated the business.

In 1980, Mrs. Taylor contacted appellant and requested he perform additional work on the structure under the "guarantee" or "warranty". Appellant made some attempts to correct the problems, but apparently the attempts did not satisfy Mrs. Taylor as she filed suit in March 1982. Mrs. Taylor's suit alleged that Mr. Roger A. Donaldson had made representations and express and implied warranties which included a "guarantee for the life of the structure" and had breached its warranties and the contract. The trial court awarded Mrs. Taylor a judgment of $3,700.00 plus $2,000.00 in attorney's fees against Roger K. Donaldson, individually and American Foundation Company, Inc..

Appellants bring forth five points of error. The first two points of error complain of evidentiary rulings by the trial court. The final points of error complain of the trial court granting judgment against Roger K. Donaldson, individually.

◼ The first point of error alleges the trial court erred in allowing Mrs. Taylor to testify as to a statement made by Roger A. Donaldson because such testimony is prohibited by *TEX.R.EVID. 601(b)*. Appellant candidly observes that Rule 601(b) prohibits any party to testify as to any oral statement made by the testator, intestate or ward, unless that testimony to the oral statement is corroborated. The oral statements of the deceased were admissible because they were corroborated by the introduction of the newspaper advertisement and the admission by Roger K. Donaldson that his father did advertise a lifetime guarantee on the lime slurry process. Point of error number one is overruled.

◼ Point of error number two complains of the introduction of a copy of a newspaper advertisement. The advertisement stated:

S–T–A–B–I–L–I–Z–A–T–I–O–N

!SPECIAL!

$500 per house

For A Limited Time Only

Have your foundation stabilized by the high pressure lime slurry injection method using the latest unique and modern equipment. Each job guaranteed for life of the structure. Take advantage of this Special Offer!

FOUNDATION LEVELING

All new modern equipment to hydraulically raise and level concrete slab foundations. *Each job guaranteed for the life of the structure.* 26 years foundation experience in Beaumont and all work done by professionals.

WE GO OUT OF TOWN

AMERICAN FOUNDATION COMPANY

Roger Donaldson-Owner 866–3340

Appellants allege the introduction of the newspaper advertisement is prohibited by *TEX.R.EVID. 601(b), 902(6), 1003.* We do not find Rule 601(b) applicable because the advertisement is not an "oral statement". Next, Rule 902(6) specifically states that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to printed materials purporting to be newspapers or periodicals. The actual exhibit was, admittedly, a copy of a newspaper advertisement. Mrs. Taylor testified that it was a true and correct copy of an advertisement out of the Beaumont Enterprise. Thus, Rule 902(6), in combination with Rule 1003, allowed for the introduction of the copy of the newspa-

per advertisement. Point of error number two is overruled.

■ Point of error number three states:

"The trial court erred in rendering judgment against appellant Roger Kelly Donaldson, individually, because American Foundation Company of Beaumont, Inc. was formed with the intent to assume all debts and liabilities of the sole proprietorship."

Appellant cites numerous cases which stand for the proposition that when a successor corporation expressly assumes the liabilities of a predecessor and is the continuation of the previous enterprise, then the successor corporation is liable for the debts and liabilities of its predecessor. Here, however, appellant seeks to have the successor corporation insulate the individual who previously operated as a sole proprietorship. Appellant cites no cases to support this position. We therefore, overrule point of error number three.

■ Point of error number four alleges the trial court erred in rendering judgment against Roger K. Donaldson, individually, because Mrs. Taylor failed to present her claim as required by *TEX.PROB.CODE ANN. sec. 298* (Vernon 1980). The contract was entered into in June, 1978. Roger K. Donaldson was the sole heir and distributee of the estate of Roger A. Donaldson. Letters of Administration were issued to Roger K. Donaldson on August 28, 1979. The estate was closed in March, 1981.

It is undisputed that Mrs. Taylor did not present a claim against the estate within six months of the original grant of letters of administration. This, however, was not a claim which was required to be presented under section 298. This was an unliquidated claim and thus not a "claim for money" under section 298. *Wilder v. Mossler*, 583 S.W.2d 664 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). *See also, Moses v. Chapman*, 280 S.W. 911 (Tex.Civ.App. 1926, no writ). Point of error number four is overruled.

■ The final point of error challenges the legal sufficiency of the evidence re-

garding the judgment against Roger K. Donaldson. On the one hand, Roger K. Donaldson admitted, that while operating the business as a sole proprietorship, he undertook to "fulfill the contract that my father had made with Mrs. Taylor". On the other hand, *TEX.PROB.CODE.ANN. sec. 269* (Vernon 1980), allows a creditor of an estate to sue a distributee of an estate according to the value of the estate he received. As previously noted, Roger K. Donaldson was the sole distributee. The trial court did not err in granting judgment against Roger K. Donaldson individually. The final point of error is overruled. The judgment of the trial court is affirmed.

Affirmed.