Hardy v. Hannah 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-92-351-CV





CHARLES E. HARDY AND LOUIS PODESTA,



 APPELLANTS


vs.





JOHN HANNAH, JR., SECRETARY OF STATE OF


THE STATE OF TEXAS,




 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 91,16322, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING



 





 Charles E. Hardy and Louis Podesta, both registered voters of the State of Texas,
filed suit to invalidate Constitutional Amendment Four, approved by the voters in the November
1991 general election. Tex. Const. art. III, § 49-h(d). The Amendment authorized the issuance
of general obligation bonds to fund construction of criminal punishment facilities. Hardy and
Podesta contend that the ballot proposition was deceptively worded so that voters did not realize
that they were authorizing funds to be used for substance abuse treatment facilities as well as
prison facilities. They appeal the trial court's rendition of summary judgment in favor of the
Honorable John Hannah, Jr., Secretary of State of the State of Texas. After considering the
appellants' three points of error, we will affirm the judgment of the trial court.

 The Texas Election Code requires a contestant to file suit and serve citation on the
Secretary of State before completion of the official vote canvass. Tex. Elec. Code Ann.
§ 233.014(b) (West 1986). The record reflects that Podesta so filed but that Hardy did not join
in the action until after the vote had been canvassed. Hannah then moved for summary judgment
on the basis that neither Hardy nor Podesta had standing to challenge the validity of the
amendment. Appellants' third point of error contends only that the trial court erred in holding
that Podesta lacked standing to sue. Hardy does not challenge this basis for the court's ruling as
to him, and thus the summary judgment against Hardy is affirmed.

 With respect to Podesta's standing, Hannah argues that Podesta cannot bring suit
on behalf of citizens who allegedly were deceived by the wording on the ballot because he was
not personally deceived himself. The record shows that Podesta published editorial pieces in
Texas newspapers in which he opposed the adoption of the amendment because it provided for
drug treatment programs. However, in light of our holding herein that the test for constitutional
validity is the ability of the average voter to distinguish among ballot proposals, Podesta's
personal understanding of the character of the amendment is not dispositive.

 We note the general rule that where the sole object of a suit is for the benefit of the
public at large and no citizen is to be affected differently from all other citizens, an individual
cannot institute a cause of action because he has no justiciable interest. Marshall v. City of
Lubbock, 520 S.W.2d 553, 554-55 (Tex. Civ. App.--Amarillo 1975, writ ref'd n.r.e.); Reynolds
v. Cobb, 196 S.W.2d 60, 62 (Tex. Civ. App.--Dallas 1946, no writ). A particular statute,
however, may confer standing as an exception to this rule. See Marshall, 520 S.W.2d at 555;
Reynolds, 196 S.W.2d at 62. These principles apply specifically to election contests. Yett v.
Cook, 281 S.W. 837, 841 (Tex. 1926). Podesta argues that the special provision relating to
contests of constitutional amendment elections confers standing on any citizen. According to that
provision, "Any question relating to the validity or outcome of a constitutional amendment
election may be raised in an election contest." Tex. Elec. Code Ann. § 233.014(g) (West 1986). 
We do not think that the fact that any question may be raised necessarily implies that any person
may raise it. Because Podesta has failed to show that he has a particular justiciable interest in the
election contest, we overrule point of error three.

 Hannah also moved for summary judgment on the grounds that the language of the
ballot proposition was adequate and that the contents of the amendment had been sufficiently
publicized. Podesta's first point challenges Hannah's summary judgment proof on these issues
as inadmissible because it was unauthenticated and predicated on hearsay. Podesta's second point
contends that his own summary judgment proof created a fact issue which precluded summary
judgment. Even assuming that Podesta had the requisite standing, we cannot agree with his
remaining points of error, either. 

 The amendment in question reads as follows:



Art. III, § 49-h of the Texas Constitution is amended by adding subsection (d) to
read as follows:


(d)(1) The legislature may authorize the issuance of up to $1.1 billion in general
obligation bonds, in addition to the amount authorized by subsections (a) - (c) of
this section, and may use the proceeds of the bonds for acquiring, constructing, or
equipping new prisons and substance abuse felony punishment facilities to confine
criminals, mental health and mental retardation institutions, and youth corrections
institutions, and for the acquisition of, major repair to, or renovation of other
facilities for use as state prisons or substance abuse felony punishment facilities. 
Proceeds of general obligation bonds issued under this subdivision may not be
appropriated by any session of the legislature other than the 2nd Called Session of
the 72nd Legislature or any subsequent session of the legislature. 


(2) The provisions of subsection (a) of this section relating to the review and
approval of bonds and the provisions of subsection (b) of this section relating to
the status of the bonds as a general obligation of the state and to the manner in
which the principal and interest on the bonds are paid apply to bonds authorized
under this subsection.



The amendment was described on the ballot as follows:



The constitutional amendment authorizing the issuance of up to $1.1 billion in
general obligation bonds for acquiring, constructing, or equipping new prisons or
other punishment facilities to confine criminals, mental health and mental
retardation institutions, and youth corrections institutions, for major repair or
renovation of existing facilities of those institutions, and for the acquisition of,
major repair to, or renovation of other facilities for use as state prisons or other
punishment facilities.



 Voters are presumed to be familiar with the content of the actual proposed
amendment summarized on a ballot. Winger v. Pianka, 831 S.W.2d 853, 856 (Tex. App.--Austin
1992, writ denied). A ballot adequately describes a proposed amendment if it gives fair notice
to the voter of average intelligence by directing him to the amendment so that he can discern its
identity and distinguish it from other propositions on the ballot. Hill v. Evans, 414 S.W.2d 684,
692-93 (Tex. Civ. App.--Austin 1967, writ ref'd n.r.e.). The ballot language must show the
character and purpose of the amendment, but it need not show all the relevant details. Winger,
831 S.W.2d at 856; Hill, 414 S.W.2d at 692; Whiteside v. Brown, 214 S.W.2d 844, 851 (Tex.
Civ. App.--Austin 1948, writ dism'd). Exactitude is not required, since it would often be
impracticable to print an entire amendment on the ballot. Railroad Comm'n v. Sterling Oil & Ref.
Co., 218 S.W.2d 415, 418 (Tex. 1949). 

 The plaintiffs in Hill challenged the validity of an amendment abolishing the poll
tax because the ballot proposal did not reveal that annual voter registration would be required. 
Hill, 414 S.W.2d at 692-93. We held that the omission involved a detail which did not have to
be included on the ballot for voters to decide whether to repeal the poll tax. Id. at 693. We
similarly hold that whether funds may be used for "substance abuse felony punishment facilities"
is a detail which need not be included in a proposition describing funding for "new prisons or
other punishment facilities to confine criminals, mental health and mental retardation institutions,
and youth corrections institutions."

 In attempting to distinguish Hill, Podesta points to language in that opinion that
noted the party challenging the validity of the amendment had failed to present evidence that any
voter had been deceived or misled by the ballot. Id. In his opposition to summary judgment,
Podesta presented affidavits of forty-eight voters who stated that they would not have voted for
the proposed amendment had they known that the bond funds could be spent on "substance abuse
felony punishment facilities." These voters did not, however, state that they were unable to
distinguish this particular proposition from the other twelve propositions on the ballot, nor does
Podesta assert that any voters had this difficulty.

 The relevant test is not, as Podesta contends, whether a particular amendment's
ballot description contains enough detail. Rather, the test is whether from the ballot wording a
voter of average intelligence can distinguish one proposition from another on the ballot. Id. at
692-93. Accordingly, the affidavits in this case do not present a fact issue precluding summary
judgment. Neither does a copy of the "1991 Texas Crime Poll," which Podesta submitted in
opposition to summary judgment, create a fact issue. The Crime Poll, a survey concerning
general attitudes toward crime, is not relevant regarding whether voters can distinguish the
character and purpose of one proposition from others on a ballot.

 In Hill, we pointed to the widespread publicity that accompanied the constitutional
amendment which abolished the poll tax in Texas. Id. Publicity is required in every attempt to
amend the Constitution. Tex. Const. art. XVII, § 1; see also Tex. Elec. Code Ann. § 274.021-.023 (West 1986). If this publicity occurs, the voters have been sufficiently informed about the
content of the amendments proposed on the ballot. Id. at 693. 

 The record contains evidence, in the form of affidavits by Lieutenant Governor Bob
Bullock, Governor Ann Richards' Press Secretary Bill Cryer, State Senator Ted Lyon, and Deputy
Assistant Secretary of State for the Elections Division Tom Harrison, that the prison facility
amendment was publicized. Podesta objects to these affidavits on various procedural grounds. 
Under Texas Rule of Civil Evidence 902(6), however, the copies of newspaper articles, which
were attached as exhibits to Senator Lyon's affidavit and show widespread publication of the
contents of the amendment, do not require authentication. See Donaldson v. Taylor, 713 S.W.2d
716, 717 (Tex. App.--Beaumont 1986, no writ). Podesta does not contest this rule's application,
nor does he present any evidence disputing that publicity occurred. These articles constitute proof
that the voters were provided information about the contents of the amendment at issue. 

 The Secretary of State presented proof of the publicity required by the Constitution
to inform voters about the amendment. The ballot's language adequately allowed voters to
distinguish among its different propositions in order to cast an informed vote. Podesta's
procedural complaints do not bear upon these dispositive issues. Accordingly, we overrule his
first and second points of error.

 We affirm the judgment of the trial court. 

 


 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: December 23, 1992

[Publish]