**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 28, 2012.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-12-00258-CV

_____

**IN RE GREGORY R. ROOF, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**

---

## M E M O R A N D U M   O P I N I O N

On March 16, 2012, relator Gregory R. Roof filed a petition for writ of mandamus in this court complaining of misleading ballot language in Proposition 11 for a May 12, 2012 election to amend the City of Galveston's charter.  *See* Tex. Election Code § 273.061 ("The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer."); *see also* Tex. R. App. P. 52.

The City of Galveston has filed a response to relator's petition, asserting, among other matters, that the relator lacks standing to bring this petition.  The City argues that relator, as a voter in the upcoming City election, does not have standing because he has suffered no injury that is distinct from that of any other voter.  *See Brown v. Todd*, 53

S.W.3d 297, 302 (Tex. 2001). In *Brown*, the plaintiff brought suit against the mayor of the city of Houston, seeking a judgment declaring that an executive order issued by the mayor was invalid because it effectively nullified the result of a previous referendum election. *Id.* at 299. The plaintiff claimed standing based solely on his status as a voter in the referendum election. *Id.* at 302 n. 2. In holding that the plaintiff did not have standing, the supreme court stated, "In no way does [plaintiff's] status as a voter give him an interest sufficiently peculiar to satisfy our standing requirements." *Id.* at 302. To have standing, a party must allege an actual, not merely a hypothetical or generalized, injury distinct from that sustained by the public at large. *Id.*

In contrast, in *Blum v. Lanier*, the court held that a voter who signed an initiative petition had standing to challenge the form in which a referendum was put before the public. 997 S.W.2d 259, 262 (Tex. 1999); *see also In re Robinson,* 175 S.W.3d 824, 828 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding) (holding that voters who had organized, financed and helped draft the referendum petition had standing to file a petition for writ of mandamus to compel certification of amendments to city charter). Relator has not alleged that these proposed ballot measures are the result of an initiative petition that he signed or that he otherwise has suffered any injury distinct from the public at large. We agree with the City that relator lacks standing to bring this action.

Mandamus would be appropriate in this case only if the City has a legal duty to change the ballot language. The Election Code grants the City the authority to determine the wording of a proposition that is to appear on the ballot. Tex. Elec. Code §52.072(a); *see also Blum,* 997 S.W.2d at 262 (recognizing that the municipal authority retains discretion to select the form of the ballot proposition). For over one hundred years our state supreme court has held that the law does not require that the full text of a measure be printed verbatim on the ballot. *Brown v. Blum,* 9 S.W.3d 840, 847 (Tex. App.—Houston [14th Dist.] 1999, pet. dism'd w.o.j.). There is a legal presumption that voters are familiar with the actual proposed measure summarized on the ballot, and the ballot wording is

2

sufficient if it identifies the measure and shows its character and purpose.  *Id.*  "A ballot adequately describes a proposed amendment if it gives fair notice to the voter of average intelligence by directing him to the amendment so that he can discern its identity and distinguish it from other propositions on the ballot."  *Hardy v. Hannah*, 849 S.W.2d 355, 358 (Tex. App.—Austin, 1992, writ denied).  Therefore, we conclude that the City does not have a legal duty to modify the language on the ballot.

Accordingly, we deny relator's petition for writ of mandamus.  No motion for rehearing will be considered.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.