James G. MARSHALL et al., Appellants,

v.

CITY OF LUBBOCK, Appellee.

No. 8530.

Court of Civil Appeals of Texas,
Amarillo.

Feb. 24, 1975.

Rehearing Denied March 24, 1975.

Garner, Jesko & Purdom, Jack O. Nelson, Jr., Lubbock, for appellants.

Fred O. Senter, Jr., City Atty., James P. Brewster, Lubbock, for appellee.

REYNOLDS, Justice.

Two taxpayers sought a declaration that interest earned on monies received from the sale of municipal bonds issued for, and deposited at interest pending disbursement in payment of, permanent improvements constituted bond proceeds which must be expended for those capital projects, and an injunction to restrain city officials from otherwise expending the interest. Upon the basic determination that plaintiffs lacked a litigable interest in the subject matter sufficient to institute and maintain the action, the trial court dismissed the suit. Affirmed.

From time to time, the City of Lubbock has sold bonds authorized to be issued for permanent improvements. Monies realized from the sale of the bonds and not required to be immediately disbursed in payment of the permanent improvements were deposited at interest under general depository agreements. From 1962 through 1973, the city received $2,941,000 as interest earned on the deposited funds. This interest, paid annually as it accrued, was transferred to the city's general fund and paid out for general operating expenses.

Alleging inaction on the part of the Comptroller of Public Accounts and the Attorney General, plaintiffs James G. Marshall and R. L. Isom, as taxpaying citizens of Lubbock, Texas, filed this suit against defendant City of Lubbock. Under color of the Texas Uniform Declaratory Judgments Act, Vernon's Ann.Civ.St. art 2524–1,* plaintiffs sought a declaration that Articles 701–706 dictate that interest earned on the proceeds derived from the sale of municipal bonds authorized and issued for, and deposited at interest pending disbursement in payment of, certain permanent improvements are "proceeds" from the sale of the bonds which must be spent

for the same purpose for which the bonds were authorized to be issued. Plaintiffs alleged that the use of the interest to pay general operating expenses of the city rather than its utilization for the purposes for which the bonds were authorized and issued resulted in general operating expenditures being financed in part by long-term bonded indebtedness and "the interest and sinking fund maintained and required . . . becomes excessive and oppressive, causing assessment and collection of excess taxes."

Based upon the declaration sought, plaintiffs solicited injunctive relief prohibiting city officials from transferring this interest to and expending it from the general fund and compelling the city to restore the interest previously transferred and expended. Additionally, plaintiffs requested the trial court to direct the Attorney General to continue, by quo warranto proceedings, the prosecution of the suit.

The city filed, among other pleadings, a plea to the jurisdiction of the court and a plea in abatement. The court sustained the pleas and dismissed the suit upon the findings that the court was without jurisdiction to grant injunctive relief under the declaratory judgment action pleaded and that plaintiffs individually do not have standing to bring the action they pleaded.

■ It is at once evident from plaintiffs' pleadings that they do not claim any special damages to themselves, and that the only pleaded object of the suit is to subserve the public interest. Subject to certain exceptions which have not been advanced, the pleaded circumstances invoke the general rule that where the sole object of a suit is for the benefit of the public at large and no citizen is to be affected differently from all other citizens by the result of the suit, the public official empowered to do so may, but an individual cannot, institute and maintain such a suit. City of San Antonio v. Strumburg, 70 Tex.

* All Articles cited are referenced to Vernon's Texas Annotated Civil Statutes.

366, 7 S.W. 754 (1888); Staples v. State, 112 Tex. 61, 245 S.W. 639 (1922); Scott v. Board of Adjustment, 405 S.W.2d 55 (Tex.1966). This is for the reason that an individual, not being peculiarly damaged or specially sanctioned, does not have any justiciable interest that permits him to institute and prosecute the suit. Marshall v. City of Lubbock, 446 S.W.2d 740 (Tex.Civ. App.—Amarillo 1969, no writ).

 Absent an otherwise justiciable interest in the subject matter of the suit, a plea for a declaration of legal relationships authorized by the Texas Uniform Declaratory Judgments Act does not supply the requisite interest. That act confers neither new substantive rights upon the parties nor additional jurisdiction on the courts, but it merely serves as a procedural device for the determination of controversies already within the powers of the courts. Laborers' International Union of North America, Construction and Municipal Workers Local Union No. 1253 v. Blackwell, 482 S.W.2d 327 (Tex.Civ.App.—Amarillo 1972, no writ).

Neither does the allegation of inaction on the part of the Comptroller and the Attorney General warrant plaintiffs' institution of the suit with the plea that the Attorney General be directed to continue its prosecution in quo warranto. Plaintiffs merely alleged that these officials were notified of the questioned actions by the city and the officials took no action. If the reports of the city show that it has in fact diverted the interest funds, an aspect of plaintiffs' pleadings we do not reach, the Comptroller is required by Article 841 to notify the proper public prosecutor of that fact. Article 6253 provides that if any corporation exercises power not conferred by law, the designated public prosecutor may petition the district court for leave to file an information in the nature of a quo warranto in the name of the State of Texas. Since the statute vests the prosecutor with discretion in determining if the suit should be instituted, he cannot

be compelled to bring the suit, Lewright v. Bell, 94 Tex. 556, 63 S.W. 623 (1901), and a taxpayer cannot be permitted to accomplish the same purpose by instituting the suit himself, Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94 (1937), particularly in the absence of bad faith on the part of the prosecutor in the exercise of his discretion. Osborne v. Keith, 142 Tex. 262, 177 S.W. 2d 198 (1944). Plaintiffs have made no allegation of bad faith on the part of any public prosecutor empowered to bring and maintain such a suit.

Since the plaintiffs have not pleaded a justiciable interest in the subject matter of the suit necessary to institute and maintain a suit within the court's jurisdiction, the trial court properly dismissed the suit. Plaintiffs' points of error are overruled.

The judgment of the trial court is affirmed.