EL PASO COUNTY HOSPITAL DIS-
TRICT, County of El Paso of the
State of Texas, County Judge Charles
Mattox, County Commissioners
Charles Hooten, Carlos Aguilar, Dan-
iel Haggerty, and Miguel Teran, All as
the Governing Board of the El Paso
County Hospital District, Appellants,

v.

Ray E. GILBERT, Jr., Mario Melgar,
Richard Montez, Robert Garcia,
and Bill Newkirk, Appellees.

No. 08–98–00281–CV.

Court of Appeals of Texas,
El Paso.

Oct. 25, 2001.

Rehearing Overruled Jan. 9, 2002.

Ken Slavin, Kemp Smith, P.C., Jose R. Rodriguez, County Attorney, Edward M. Sosa, Assistant County Attorney, El Paso, for appellants.

Brunson Moore, John P. Mobbs, El Paso, for appellees.

Before Panel No. 2: BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

El Paso County Hospital District, the County of El Paso, and the Commissioners' Court appeal from a declaratory judgment and injunctive relief granted in favor of Ray E. Gilbert, Jr., Mario Melgar, Richard Montez, Robert Garcia, and Bill Newkirk, taxpaying property owners in El Paso County (the Property Owners). We affirm.

### FACTUAL SUMMARY

The Property Owners brought suit against the County and the members of the El Paso County Commissioners' Court seeking injunctive relief pursuant to TEX. TAX CODE ANN. § 26.04(g)(Vernon Supp. 2001).[1] They sought to prohibit the defendants from adopting or levying 1997 prop-

---

1. Section 26.04(g) provides: A person who owns taxable property is entitled to an injunc-

tion prohibiting the taxing unit in which the property is taxable from adopting a tax rate if

erty taxes for the Hospital District due to a failure to comply with the publication requirements of Tex.Tax Code Ann. § 26.04(e)(2). They later amended their pleadings to also seek a declaratory judgment and attorney's fees under the Texas Declaratory Judgment Act. *See* Tex.Civ. Prac. & Rem.Code Ann. §§ 37.001 *et seq.* (Vernon 1997 and Vernon Supp.2001). Following submission of the case on stipulated facts, the trial court issued a declaratory judgment in favor of the Property Owners and permanently enjoined the County and the Commissioners' Court from setting and adopting future tax rates for the Hospital District without including all unencumbered fund balances in the notice of effective tax rate. The court further awarded attorney's fees to the Property Owners in the sum of $14,103.25 for trial and $7,500 in the event of an appeal.

On original submission, this Court reversed the trial court's judgment because we found that the statute did not require disclosure of the taxing unit's total amount of funds on hand at the end of the fiscal year. *El Paso County Hospital District v. Gilbert,* 4 S.W.3d 66 (Tex.App.—El Paso 1999).

The Supreme Court, however, reached a contrary construction of the statute and found that the Hospital District had not complied with the statute's publication requirements. *Gilbert v. El Paso County Hosp. District,* 38 S.W.3d 85 (Tex.2001). Consequently, it reversed and remanded the case for consideration of the remaining issues.

### STANDING TO SEEK DECLARATORY JUDGMENT

■■■ In Issue One, the County and Hospital District assert that the Property

Owners lack standing to seek a declaratory judgment, but instead are limited to the injunctive relief provided for in Section 26.04(g). Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case. *Bland Independent School District v. Blue,* 34 S.W.3d 547, 553–54 (Tex.2000); *Texas Association of Business v. Texas Air Control Board,* 852 S.W.2d 440, 443 (Tex.1993). The general test for standing requires that there (a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993); *Board of Water Engineers of the State of Texas v. City of San Antonio,* 155 Tex. 111, 114, 283 S.W.2d 722, 724 (1955). In general, taxpayers do not have a right to bring suit to contest government decision-making. *Bland,* 34 S.W.3d at 555. Unless standing is conferred by statute, taxpayers must show that they have suffered a particularized injury distinct from that suffered by the general public in order to have standing to challenge a government action or assert a public right. *Id.* at 555–56. Here, Section 26.04(g) confers standing on Property Owners to seek injunctive relief for non-compliance with publication and computation requirements, and therefore, they need not demonstrate a "particularized injury."

The County and Hospital District cite no direct authority in support of their argument that the Property Owners must separately establish standing to seek declaratory judgment relief. Implicit within the argument of the County and Hospital Dis-

---

the assessor or designated officer or employee of the unit, as applicable, has not complied with the computation or publication require-

ments of this section and the failure to comply was not in good faith.

trict is the notion that the Property Owner's request for declaratory judgment somehow involves a different controversy between the parties. To the contrary, it has long been the rule in Texas that the Uniform Declaratory Judgments Act merely serves as a procedural device for the determination of controversies already within the powers of the court, and it does not confer new substantive rights upon the parties nor does it confer any additional subject-matter jurisdiction on a court. *Jester Development Corp. v. Travis County Appraisal Dist.*, 775 S.W.2d 464, 466 (Tex.App.—Austin 1989, no writ); *Marshall v. City of Lubbock*, 520 S.W.2d 553, 555 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.).

In *Marshall*, two taxpayers sought a declaratory judgment that interest earned on monies received from the sale of municipal bonds constituted bond proceeds which must be expended for capital projects, and they further sought an injunction to restrain city officials from otherwise expending the interest. In the absence of special damages or a statute which conferred standing, the taxpayers lacked standing to maintain the suit. *Marshall*, 520 S.W.2d at 554–55. We are presented with the converse situation here. By virtue of Section 26.04(g), the Property Owners possess a justiciable interest in the controversy arising from the Hospital District's non-compliance with the publication requirements of Section 26.04. Since the Uniform Declaratory Judgments Act is nothing more than a procedural device for the determination of a controversy already before the court, it follows that the Property Owners may seek declaratory judgment relief to determine the issue. Issue One is overruled.

## LACK OF GOOD FAITH

In Issue Two, the County and Hospital District contend that there is no evidence of a lack of good faith, and therefore, the Property Owners are not entitled to injunctive relief under Section 26.04(g). The Property Owners maintain that the injunction is supported by some evidence, and therefore, its issuance is proper. Although the County and Hospital District appear to raise a challenge to the legal sufficiency of the evidence to support this factual finding, the parties do not address the standard of review on appeal.

### The Standard of Review

We review the granting or denial of a permanent injunction for an abuse of discretion. *Operation Rescue–Nat'l v. Planned Parenthood of Houston*, 975 S.W.2d 546, 560 (Tex.1998); *Chromalloy Gas Turbine Corp. v. United Technologies Corp.*, 9 S.W.3d 324, 328 (Tex.App.—San Antonio 1999, pet. denied). In a bench trial, legal sufficiency challenges to the trial court's findings of fact are reviewable under the same standards that are applied in reviewing evidence supporting a jury's verdict. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994); *Schwartz v. Pinnacle Communications*, 944 S.W.2d 427, 431 (Tex.App.—Houston [14th Dist.] 1997, no writ). In considering a "no evidence," or legal insufficiency point, we consider only the evidence that tends to support the findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Tri–State Wholesale Associated Grocers, Inc. v. Barrera*, 917 S.W.2d 391, 394 (Tex.App.—El Paso 1996, writ dism'd by agr.). If more than a scintilla of evidence exists to support the questioned finding, the "no evidence" point fails. *Tseo v. Midland Am. Bank*, 893 S.W.2d 23, 25 (Tex.App.—El Paso 1994, writ denied).

We then proceed to determine whether based on the elicited evidence, the

trial court made a reasonable decision, or whether it is arbitrary and unreasonable. The question is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Telephone Company v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965).

### Definition of Good Faith

■ The Tax Code does not contain a definition of "good faith" and no published case has construed this phrase in the context of Section 26.04(g). In Texas, "good faith" has sometimes been defined as a purely subjective standard. *See e.g.*, TEX. BUS. & COM.CODE ANN. § 1.201(19)(Vernon Supp.2001)(defining good faith as honesty in fact); *La Sara Grain Company v. First Nat'l Bank of Mercedes, Texas*, 673 S.W.2d 558, 563 (Tex.1984)(holding that the test for good faith is the actual belief of the party and not the reasonableness of that belief). On the other hand, an objective standard has been adopted in cases involving official immunity. *See e.g.*, *City of Lancaster v. Chambers*, 883 S.W.2d 650, 656 (Tex.1994). In *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), the United States Supreme Court examined the meaning of good faith in the context of an action brought under 42 U.S.C. § 1983 where a school official claimed immunity. The Court determined that the appropriate good faith standard combines elements of both the objective and subjective standards. *Id.*, 420 U.S. at 321, 95 S.Ct. at 1000. Thus, the Court held that a school board member is not immune from liability for damages under Section 1983 if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the student affected, or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the student. *Wood*, 420 U.S. at 322, 95 S.Ct. at 1000. Under this combined standard, the official must be acting sincerely and with a belief that he is doing right, but an act can be no more justified by ignorance or disregard of settled, indisputable law than by the presence of actual malice. *Id.*, 420 U.S. at 321, 95 S.Ct. at 1000.

More recently, the Texas Supreme Court examined this issue in the context of an action brought under the Whistleblower Act. Adhering to the United States Supreme Court's analysis of good faith in *Wood v. Strickland*, the Court determined that the combined standard is appropriate because it best balances the public and private concerns involved in a "Whistleblower" case. *See Wichita County, Texas v. Hart*, 917 S.W.2d 779, 784 (Tex.1996). The Court concluded that good faith means that (1) the employee believed that the conduct reported was a violation of law and (2) the employee's belief was reasonable in light of the employee's training and experience. *Hart*, 917 S.W.2d at 784. It is this combined standard which the Property Owners urge us to adopt.

■ Obviously, the public interest fostered by the truth-in-taxation provisions of the Texas Constitution and Tax Code is an important one. Competing with this interest is the traditional concept that public officials and employees must be permitted to exercise their discretion and undertake

their responsibilities with some insulation from suit, otherwise government will not go forward but will languish from inaction. By imposing on a taxpayer a requirement that he demonstrate a lack of good faith before an injunction will issue, the Legislature has already determined that a tax assessor, or the designated official or employee of a taxing unit must be provided with a measure of protection in those instances when an error is committed while acting "in the good-faith fulfillment of their responsibilities and within the bounds of reason under all the circumstances." *Wood,* 420 U.S. at 321, 95 S.Ct. at 1000. We believe the definition first formulated in *Wood* best balances the competing interests at issue here and is the appropriate approach for "good faith" in the context of Section 26.04(g). We conclude that an assessor or designated officer or employee of a taxing unit acts in good faith when he subjectively believes that he has complied with the computation or publication requirements of Section 26.04, if that belief is reasonable in light of existing law.

The County and Hospital District argue that the County Tax Assessor Collector acted in good faith because he complied with the computation and publication requirements by publishing the information "in the form prescribed by the comptroller." *See* TEX.TAX CODE ANN. § 26.04(e). The County and Hospital District refer to the forms provided by the Comptroller as part of a "Truth–in–Taxation Guide" which is published each year. Rejecting a similar argument made by the County and Hospital District in defense of its construction of the statute, the Supreme Court found that the meaning of the Comptroller's form is not clear but that it must be interpreted to ask whether any balance remains in "Property Tax Funds." *Gil-*

*bert,* 38 S.W.3d at 91–92. We recognize that the Supreme Court reached this conclusion long after the County and Hospital District had published the required notice, and it is not our intention to hold that the County Tax Assessor Collector and taxing unit are charged with predicting the future course of law on this subject. *See Wood,* 420 U.S. at 322, 95 S.Ct. at 1001. However, the County and Hospital District had been enjoined in 1996 in a similar lawsuit brought by the same group of taxpayers. In that case, the 327th District Court concluded, as did the trial court and Supreme Court in the instant case, that the County and Hospital District had failed to comply with the computation and publication requirements of Section 26.04 because the notice failed to include the Dispro funds in the Maintenance and Operation Fund balance. Consequently, it enjoined the County and Hospital District from publishing the proposed 1996 tax notice until the notice had been corrected. Despite its apparent disagreement with that ruling, the County did not appeal the order granting injunctive relief because it believed it to be an unappealable temporary injunction. Since the granting of a temporary injunction can be appealed, this position is untenable. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(a)(4)(Vernon Supp.2001). There is also some evidence that the County Attorney advised the Commissioners' Court that the prior injunction did not prohibit any further action by that governing body since the injunction prohibited publication of the 1996 tax rate, an action which had already taken place, but there is no claim by the County and Hospital District that this interpretation of the trial court's 1996 order played any part in the decision not to appeal the injunction.[2] When the Coun-

---

2. In its opinion, the Supreme Court stated that the County did not appeal the 1996 in-

junction because it believed it to be moot. *Gilbert,* 38 S.W.3d at 87. While there is some

ty and Hospital District, acting through the County Tax Assessor Collector, published the notice at issue here, they knew a district court had previously determined that a similar notice did not comply with Section 26.04. The persistence of the County, Hospital District, and County Tax Assessor Collector, in the face of this unchallenged judicial determination is certainly some evidence of a lack of good faith. Even if they subjectively believed that they had complied with the computation or publication requirements of Section 26.04, that belief is not reasonable in light of existing law. Accordingly, we find that the trial court did not abuse its discretion in granting injunctive relief pursuant to Section 26.04(g). Issue Two is overruled. Having overruled both issues on appeal, the judgment of the trial court is affirmed.

evidence that the County interpreted the injunction as moot, it is not clear from the record that the County decided not to appeal as a result of that belief.