COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

WAYNE FINDLEY, HOWARD
TUCKER,         )

LARRY FARRAR, EDDIE GUELKER,
and         )

DUANE FITTS, Individually
and As                      )

Representatives of the
TAXPAYERS OF               )

ANDREWS, TEXAS / CITY OF
ANDREWS,     )

TEXAS,                                                                )            
No.  08-01-00390-CV

                                                                              )

Appellants/Cross-Appellees,          )                 Appeal from the

                                                                              )

v.                                                                           )             
109th District Court

                                                                              )

CITY OF ANDREWS, TEXAS /
WAYNE          )         of Andrews County,
Texas

FINDLEY, HOWARD TUCKER,
LARRY          )

FARRAR, EDDIE GUELKER, and
DUANE        )                   (TC# 15,445)

FITTS, Individually and As
Representatives of        )

the
TAXPAYERS OF ANDREWS, TEXAS         )

                                                                              )

Appellee/Cross-Appellants.            )

                                                                              )

 

O
P I N I O N

 

Appellants/Cross-Appellees Wayne Findley, Howard Tucker, Larry Farrar, Eddie
Guelker, and Duane Fitts,
individually and as representatives of the Taxpayers of Andrews, Texas (ATaxpayers@)
raise ten issues related to Section 26.04 of the Tax Code.  Appellee/

Cross-Appellant City of Andrews,
Texas (Athe City@) takes issue with the trial court=s denial of attorneys= fees. 
We dismiss for lack of jurisdiction. 









The City of
Andrews has had a long standing accounting policy to treat capital asset
depreciation as an expense and place cash equal to the depreciation expense in
capital reserve accounts to fund future capital improvements and
replacements.  As a result, they have a
surplus of monies earmarked for capital improvements in three separate capital
reserve accounts.

Since 1962, the
City has annually published and identified all non-capital reserve funds and
balances in the tax notice.  Under Tax
Code ' 26.04, a
local government must publish an annual tax notice that includes the Amaintenance and operation or general
fund@
balances.  Tex.Tax Code Ann. '
26.04(e)(2)(Vernon 2001).  The City interpreted this provision as
requiring the inclusion of all property tax balances that are unencumbered and
may be lawfully spent for day-to-day maintenance and operations.  Accordingly, the City did not include the
balances in the capital reserve accounts in the tax notice.  However, this information was included in an
annual comprehensive financial report.

In April 2000, the
Taxpayers filed suit alleging violations of the Texas Constitution, the Charter
of the City of Andrews, and the Tax Code.  They assert the City=s
actions constitute a bad faith violation of the Tax Code which entitles them to
injunctive relief.  They also request
refund of the excess taxes and/or the imposition of a constructive trust, and a
detailed accounting of all expenditures from the Aexcess
case funds@
accounts.  In May 2000, the City answered
that the Taxpayers did not have standing to file suit and also asserted the
affirmative defense of voluntary payment.








In January 2001,
the Texas Supreme Court released Gilbert v. El Paso County Hospital District,
38 S.W.3d 85 (Tex. 2001).  In response,
the City began including all capital reserve balances in subsequent tax
notices.  Subsequently, both the
taxpayers and the City moved for summary judgment.  In September 2001, the trial court granted
the City=s motion
and dismissed the Taxpayers=
claims.  In October 2001, the City filed
a motion for attorneys=
fees, which was denied.  Both parties now
appeal.

On appeal, all of
the Appellants= issues
deal specifically and solely with Section 26.04(e)(2)
of the Tax Code.  Essentially the
taxpayers are challenging the trial court=s
summary judgment in favor of the City with regard to their claim under Section
26.04.  The City claims that it should
have been awarded attorneys=
fees.

Summary judgment
is proper only when the movant proves there is no
genuine issue as to any material fact, and it is entitled to judgment as a
matter of law.  Randall=s Food Mkts.,
Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Duran v. Furr=s
Supermarkets, Inc., 921 S.W.2d 778, 784 (Tex.App.--El
Paso 1996, writ denied).  When
evaluating a summary judgment, we assume all the non-movant=s evidence is true.  Science Spectrum, Inc.
v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Duran, 921 S.W.2d at
784.  We indulge every reasonable
inference in favor of the non-movant.  Id. 
All doubts about the existence of a genuine issue of any material fact
are resolved against the movant.  Johnson County Sheriff=s Posse, Inc. v. Endsley,
926 S.W.2d 284, 285 (Tex. 1996). 
If the movant shows it is entitled to judgment
as a matter of law, the non-movant must present
evidence raising a fact issue to defeat a motion for summary judgment.  See City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Haight v. Savoy Apartments, 814 S.W.2d 849,
851 (Tex.App.--Houston [1st Dist.] 1991, writ
denied).

Standing








Because the trial
court dismissed the Taxpayers=
claims, we look first to the City=s
jurisdictional argument(s) related to the Taxpayers=
standing.  Standing is a component of
subject matter jurisdiction and cannot be waived.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex.
1993).  Moreover, it is a constitutional
prerequisite to maintaining any suit.  Williams v. Lara, 52 S.W.3d 171, 178 (Tex. 2001).  Under Texas law, standing may be conferred by
statute.  Id.  Otherwise, a plaintiff must demonstrate that
he possesses an interest in a conflict distinct from that of the general public
in order to have standing to sue.  See
Hunt v. Bass, 664 S.W.2d 323, 324 (Tex.
1984).  This requires a showing that the
defendant=s actions
have caused the plaintiff some particular injury.  Id. 
Taxpayers enjoy a limited exception to this general rule, allowing them
to enjoin the illegal expenditure of funds without demonstrating a
particularized injury.  Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 556 (Tex. 2000).  This so-called Ataxpayer
standing@ is
granted if two requirements are met:  (1)
the plaintiff must be a taxpayer; and (2) the public funds are expended on an
allegedly illegal activity.  Williams,
52 S.W.3d at 179.[1]

In this case, the
Taxpayers argue they are given standing to sue under Section 26.04(g).  This provision states:

A person who owns
taxable property is entitled to an injunction prohibiting the taxing unit in
which the property is taxable from adopting a tax rate if the assessor or
designated officer or employee of the unit, as applicable, has not complied
with the computation or publication requirements of this section and the
failure to comply was not in good faith.

 








Tex.Tax Code Ann. ' 26.04(g).  Any standing conveyed under this provision is
for the limited purposes set forth in Section 26.04(g).  Thus, standing would be conferred only to
seek the injunctive relief described and only if the Taxpayers established both
a failure to comply with Section 26.04(e) and that this failure to comply was
not in good faith.  Tex.Tax Code 

Ann. '
26.04(g).

For the purposes
of argument, we will assume the Taxpayers are able to establish that the City
failed to comply with Section 26.04(e). 
In order to obtain standing under this statute, they would still be
tasked with proving the City=s
failure to comply was not in good faith. 
Tex.Tax Code Ann. ' 26.04(g).  An officer or employee of a taxing unit acts
in good faith when he subjectively believes that he has complied with the
computation or publication requirements of Section 26.04, if that belief is
reasonable in light of existing law.  El Paso County Hosp. Dist. v. Gilbert, 64 S.W.3d 200, 205 (Tex.App.--El Paso 2001, no pet.).  The City produced evidence that it annually
published a tax notice as required by Section 26.04.  It openly acknowledges that funds from the
capital reserve accounts were not included in the annual publication prior to
the 2001-2002 tax notice.  Because
neither the statute nor case law directly addresses whether such funds must be
disclosed in the tax notice, we find the City=s
interpretation of Section 26.04(e) to be reasonable.  Moreover, after the Supreme Court=s decision in Gilbert, the City
began including the capital reserve funds in its tax notices.  This reflects a good faith effort to heed the
Court=s
admonishments as to the underlying purposes of the provision.  Further, the Taxpayers failed to provide the
trial court evidence of bad faith. 
Accordingly, the Taxpayers did not adequately establish standing to sue
for injunctive relief.  Because we find
the Taxpayers lacked standing to sue for injunctive relief under Section
26.04(g) of the Tax Code, we need not address each of their issues on appeal
individually.

 








The
City=s Appeal
of the Denial of Attorneys=
Fees

Finally, the City
argues it is entitled to recover attorneys= fees from the Taxpayers under the
Uniform Declaratory Judgment Act.  The
Declaratory Judgment Act authorizes a trial court=s
award of attorneys=
fees to a prevailing party.  Tex.Civ.Prac.&Rem.Code Ann. '
37.009 (Vernon 1997).  The fees must be
equitable and just as a matter of law.  Id.  The awarding of fees is left to the sound
discretion of the trial court.  Bocquet
v. Herring, 972 S.W.2d 19, 21 (Tex. 1998); Justice Bail Bonds v. Samaniego, 68 S.W.3d 811, 815 (Tex.App.--El
Paso 2001, pet. denied).  A trial
court abuses its discretion if its decision is arbitrary or unreasonable, or if
it acts without reference to guiding legal rules and principles.  Abraxas Petroleum Corp. v. Hornburg, 20 S.W.3d
741, 762 (Tex.App.--El Paso 2000, no pet.).

We find nothing in
the record to suggest that the trial court abused its discretion in denying the
City=s request
for fees.  The City=s issue on appeal is overruled.

Finding the
Taxpayers= lack
standing to sue under the Texas Tax Code '
26.04, we dismiss their appeal for lack of jurisdiction.  Further, we find no error on the part of the
trial court in its denial of the City=s
motion for attorneys=
fees.  Accordingly, we overrule the City=s issue on appeal.

 

 

 

November
21, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Although the Plaintiffs/Appellants in this case are taxpayers, they have not
accused the City of using tax dollars on an illegal activity.  Instead, they maintain the City=s accounting policies have resulted in
an unreasonably high surplus, which they characterize as a Aslush fund.@  The Taxpayers further argue that these funds
were not properly disclosed in the process of setting the budget and levying
taxes.  Because of the nature of the
Taxpayers=
complaints, they do not fall under the limited exception of  Ataxpayer
standing.@