

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00285-CV

| | |
|---|---|
| GREGORY EARL REED D/B/A HIT CITY RECORDS & TAPES | APPELLANT |
| V. | |
| COUNTY OF TARRANT, TARRANT COUNTY HOSPITAL DISTRICT, TARRANT COUNTY COMMUNITY COLLEGE DISTRICT, CITY OF FOREST HILL, AND FORT WORTH INDEPENDENT SCHOOL DISTRICT | APPELLEES |

----------

### FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

---
[1]*See* Tex. R. App. P. 47.4.

# I. INTRODUCTION

Appellant Gregory Earl Reed d/b/a Hit City Records & Tapes appeals the trial court's order denying his equitable bill of review challenging a default judgment for delinquent property taxes, foreclosure of a tax lien, and a tax-foreclosure sale in favor of Appellees County of Tarrant, Tarrant County Hospital District, Tarrant County Community College District, City of Forrest Hill, and Fort Worth Independent School District. We will affirm.

# II. BACKGROUND

Appellees sued Hit City in March 2004 to recover delinquent ad valorem taxes for property owned at 3354 Mansfield Highway in Forrest Hill. The return of citation indicates that Gregory's brother, Ronald Reed, the "Registered Agent" for Hit City, was served with citation and a copy of the original petition on August 30, 2004. Several years later, in May 2008, Appellees obtained a default judgment against Hit City for $17,846.12. The property was later sold in accordance with the Texas Tax Code, and the proceeds were used to satisfy the judgment for delinquent taxes.

In January 2009, Gregory filed a bill of review against Appellees. He alleged that neither he nor Ronald "were ever served with citation or with any pleading or with any other notice of the lawsuit" for delinquent taxes and that even if Ronald had been served, "such service would have been ineffective service upon" Gregory. Gregory prayed for a new trial and that the default

judgment be set aside and vacated. After a hearing, the trial court denied the bill of review and entered several findings of fact, including the following:

> 11. Court records indicate that Ronald Reed as a partner in Hit City Records & Tapes [was] served with legal process in connection with Defendants' tax suit on August 30, 2004.

The trial court entered the following conclusions of law, among others:

> 4. Plaintiff Hit City Records & Tapes was served with process by serving its named partner, Ronald Reed, in person on August 30, 2004, an appropriate return of citation having been filed with the Court on September 1, 2004, signed by the Constable.
>
> 5. At the time of service, Ronald Reed was a registered partner in the partnership known as Hit City Records & Tapes, no modification of the partnership having been appropriately filed.
>
> 6. Defendants, having served a named partner of the partnership, gave sufficient due process and notice to Plaintiff to proceed to judgment.
>
> . . . .
>
> 11. Plaintiff, at trial in testimony on a bill of review, failed to provide corroborating evidence sufficient to overcome the presumption that Plaintiff was served.

### III. SERVICE UPON RONALD

In his first issue, Gregory argues that the trial court abused its discretion by denying the bill of review. He acknowledges that "the citation appears to contain all the elements of a valid return of citation," but he contends that the evidence is factually insufficient to show that Ronald was served because the evidence sufficiently corroborated Ronald's testimony that he was not served.

3

A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). The bill of review petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action supporting the judgment (2) that he was prevented from making by the fraud, accident, or wrongful act of the opposing party (3) unmixed with any fault or negligence of his own. *Id.* at 407–08. But when the petitioner alleges that he did not receive proper service of citation, he need only prove a lack of proper service to be entitled to a new trial. *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006); *Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004) (stating that proof of non-service will conclusively establish third element of bill of review).

We review the denial of a bill of review for an abuse of discretion. *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). Under the abuse of discretion standard, challenges to the sufficiency of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *See Edwards v. Mid-Continent Office Distribs., L.P.*, 252 S.W.3d 833, 835 n.6, 836 (Tex. App.—

Dallas 2008, pet. denied); *El Paso Cnty. Hosp. Dist. v. Gilbert*, 64 S.W.3d 200, 203–04 (Tex. App.—El Paso 2001, pet. denied).

The return of citation states that Ronald was personally served at 11:57 a.m. on August 30, 2004. The recitations in the return are prima facie evidence of the facts recited in the return. *See Primate Constr. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Ronald, however, testified that he was never served with the citation. In and of itself, Ronald's testimony is insufficient to establish non-service because the recitations in the return "carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party." *See id.*; *see also Caldwell*, 154 S.W.3d at 97 n.3 ("At trial, the testimony of a bill of review plaintiff alone, without corroborating evidence, is insufficient to overcome the presumption that the plaintiff was served.").

Gregory argues that he corroborated Ronald's testimony with evidence elicited from Morris Carrejo. Carrejo testified that like Ronald, he is employed as a code enforcement supervisor for the City of Fort Worth and that Ronald was "in the office" on August 30, 2004, because "[b]eing a Monday, that's a catch-up day, and you usually stay in the office for sure and [Ronald] has lunch pretty much on Mondays there at the office." But Carrejo clarified on cross-examination that he was testifying about what he normally knows to be the routine at work. He explained that he had no recollection of Monday, August 30, 2004, and that he could not account for Ronald's whereabouts that day.

5

The trial court also admitted a document evidencing Ronald's "Individual Record of Absence from Duty," which sets out the dates that Ronald was absent from work and for how long. Gregory appears to argue that the document corroborated Ronald's testimony about lack of service because it did not show that Ronald was out of the office on August 30, 2004, and, therefore, amenable to service away from work. Although non-service may certainly be corroborated by circumstantial evidence, *see Sanders v. Harder*, 148 Tex. 593, 597, 227 S.W.2d 206, 209 (1950), Carrejo explained that the document reflected Ronald's absences for personal reasons only; it did not account for those times when Ronald was out of the office for a business-related activity. Indeed, Ronald acknowledged that his job requires him to be out of the office from time to time, that he takes lunch breaks, and that he could not account for his whereabouts on August 30, 2004. In addition to this testimony, Ronald testified that he used to be one of the partners in Hit City; and Gregory explained that in August 2004, several teenagers, one being his daughter, Ronald's niece, ran Hit City. The return of citation does not identify where Ronald was served, although Hit City's address is handwritten on the citation, but it does indicate that Ronald was served at 11:57 a.m. In light of all of this, the trial court could have reasonably concluded that the document evidencing Ronald's absences from work did not corroborate his testimony of non-service on August 30, 2004.

Gregory argues that additional corroboration evidence consists of his testimony that he made arrangements to pay for delinquent business personal

property taxes when he received notice that they were overdue. According to Gregory, he "had a history of taking responsibility for payment of taxes, suggesting his awareness of the risk of ignoring a tax suit in that it might lead to the tax sale of the Mansfield Highway property." Gregory's testimony that he paid past-due business taxes is circumstantial evidence that he pays taxes when they are overdue, not evidence, circumstantial or otherwise, that Ronald was not served in the underlying delinquent tax suit.

The evidence that Gregory relies upon to demonstrate corroboration either circumstantially corroborated some fact relevant to a matter other than non-service upon Ronald or was simply no evidence of corroboration. An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). We hold that the trial court could reasonably have concluded that Gregory did not present sufficient corroborating evidence that Ronald was not served in the tax suit. Accordingly, we hold that the trial court did not abuse its discretion by denying Gregory's bill of review. We overrule Gregory's first issue.

Having determined that Gregory failed to corroborate Ronald's testimony about non-service, we also overrule Gregory's third issue, in which he argues that the trial court abused its discretion by denying his bill of review on the basis of estoppel.

7

## IV. SERVICE EFFECTIVE UPON HIT CITY

In his second issue, Gregory argues that even if we overrule his first issue, service upon Ronald "would not have bound [Gregory] with the underlying judgment in the tax suit" because by August 2004, Ronald was no longer a partner of Hit City nor affiliated with the business in any capacity.

Ronald acknowledged that a warranty deed filed of record in Tarrant County showed that Hit City—a Texas general partnership comprised of Gregory and Ronald—took ownership of the property at 3354 Mansfield Highway in June 1994. However, Ronald and Gregory testified that Ronald "gave" his partnership interest in Hit City to Gregory at some point before August 2004, and Gregory testified that Hit City was now a sole proprietorship. Nevertheless, Ronald agreed that a records search to determine who owned the property at 3354 Mansfield Highway would reveal that the property is owned by the Hit City partnership, which, according to the deed, included Gregory and Ronald. Thus, the issue is whether service upon Ronald, a former partner in Hit City, was sufficient to authorize the judgment against Hit City because the deed filed of record for the property located at 3354 Mansfield Highway identified Ronald as a partner of Hit City, the owner of the property.

Appellees filed the underlying suit against Hit City to recover delinquent ad valorem taxes. An ad valorem tax is a tax on property at a certain rate based on the property's value. *Tex. Mun. League Intergovernmental Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 387 (Tex. 2002). Determining

ownership of property is a pivotal issue in a suit to recover delinquent taxes, whether the taxing unit seeks personal liability, foreclosure of a tax lien, or both. *See* Tex. Tax Code Ann. § 33.41(a) (West 2008) ("At any time after its tax on property becomes delinquent, a taxing unit may file suit to foreclose the lien securing payment of the tax, to enforce personal liability for the tax, or both."). For example, property taxes are "the personal obligation of the person who owns or acquires the property on January 1 of the year for which the tax is imposed." *Id.* § 32.07(a) (West 2008). Moreover, a petition initiating suit to collect delinquent property taxes is sufficient if it alleges that the person sued owned the property on January 1 of the year for which the tax was imposed if the suit seeks to enforce personal liability, or that the person sued owns the property when the suit is filed if the suit seeks to foreclose a tax lien. *Id.* § 33.43 (a)(7), (8) (West 2008). Also, in a suit to recover delinquent taxes, the tax code permits a defendant to raise the affirmative defense of non-ownership of the subject property. *Id.* § 42.09(b)(1) (West 2008).

Here, Ronald may have transferred his partnership interest in Hit City to Gregory at some point before August 2004, but the deed filed of record continued to show (even at the time of trial) that Ronald was a partner in Hit City, the record owner of the property located at 3354 Mansfield Highway. Gregory offered no evidence that he somehow noticed or even otherwise documented the dissolution of the Hit City partnership such that Appellees could *ever* have discovered the change in the partnership's status. That being the case, just as a

9

party who performs a search of property records is entitled to rely on the recitations contained in those records when purchasing a property, we must conclude that Appellees—taxing units seeking to recover delinquent ad valorem taxes from Hit City, the record owner of the property located at 3354 Mansfield Highway—were entitled to rely upon the recitations contained in the deed filed of record, indicating that Ronald was a partner in Hit City, when attempting to determine ownership of the property for purposes of effecting service of process. As citation served on one member of a partnership authorizes a judgment against the partnership, *see* Tex. Civ. Prac. & Rem. Code Ann. § 17.022 (West 2008), we hold that service upon Ronald was effective to authorize a judgment against Hit City. We overrule Gregory's second issue.

## V. DUE PROCESS

Citing *Jones v. Flowers*, 547 U.S. 220, 126 S. Ct. 1708 (2006), Gregory argues in his fourth issue that he was denied due process because Appellees failed to provide him with appropriate notice of the tax delinquency and tax sale. In *Jones*, the Supreme Court held that when notice of a tax sale is mailed to the owner and returned undelivered, the State must take additional reasonable steps to provide notice before taking the owner's property. *Id.* at 223, 234, 126 S. Ct. at 1718. *Jones* is inapposite because the taxing entity there knew that its notice to Jones that his taxes were delinquent and that his property was subject to public sale had been returned unclaimed. *Id.* at 223–24, 126 S. Ct. at 1712. The Court explained that "we have never addressed whether due process entails

10

further responsibility when the government becomes aware prior to the taking that its attempt at notice has failed." *Id.* at 227, 126 S. Ct. at 1714.  In this case, service of process was successfully effected upon Ronald, and Appellees subsequently took a default judgment against Hit City, as they were entitled to do.  *See* Tex. R. Civ. P. 107, 239.  Thus, unlike the taxing entity in *Jones*, Appellees had no indication that their notice had failed.  We overrule Gregory's fourth issue.

## VI. CONCLUSION

Having overruled all of Gregory's dispositive issues, we affirm the trial court's order denying Gregory's petition for equitable bill of review.


BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  May 24, 2012